IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02348-ZLW-MEH

JIANCHUN HUANG,
XIN DENG, and
JING HUANG,

    Plaintiffs,
v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security,
EMILIO GONZALEZ, Director, United States Citizenship and Immigration Services,
GERARD HEINAUER, Center Director, Nebraska Service Center, United States Citizenship and Immigration Services,
ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation, and
ALBERTO GONZALES, Attorney General, United States Department of Justice,

    Defendants.
_____

## ORDER ON JOINT MOTION TO STAY DISCOVERY
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is a Joint Stipulated Motion to Waive Scheduling Order and Convert Scheduling Conference to Status Conference [docket #13]. In the motion, the parties "agree that the most efficient and cost-effective approach is not to commence discovery at this stage of the case." Motion, ¶ 4. Therefore, the Court construes the motion as a request to stay discovery. For the reasons stated below, the Court **grants** the Joint Motion.

**I.    Background**

    In this lawsuit, Plaintiff Jianchun Huang alleges that Defendants have unlawfully delayed the processing of his Adjustment of Status application filed with the Nebraska Service Center of the United States Citizenship and Immigration Services. Defendants filed a Motion to Dismiss, arguing

that the Immigration and Nationality Act ("INA") specifically bars judicial review of the Attorney General's discretionary decisions regarding the adjustment of status of a non-immigrant to a lawful permanent resident. Motion at 8-10. Based upon this and other considerations, this Court recommended that the Motion to Dismiss be granted and that this action be dismissed for lack of subject matter jurisdiction.

As a result of this Recommendation, the parties now seek to avoid discovery in this case until such time as the District Court determines whether the case will proceed. The parties request that they be released from the obligation of preparing a proposed Scheduling Order and that the Scheduling Conference currently set for March 24, 2008 be converted to a Status Conference.

**II.     Discussion**

The decision to issue a protective order, and thus stay discovery, rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such order may be warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This protection includes the timing of discovery. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). In particular, good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party. *E.g.*, *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (balancing the harm caused by the stay with the burden and expense of discovery if the case is ultimately resolved in its entirety by a pending

dispositive motion).

In the present case, Defendants' Motion to Dismiss, if granted, would resolve the case in its entirety, because Defendants argue that Plaintiff's claims are barred for lack of subject matter jurisdiction. While some courts at this stage briefly address whether the dispositive motion is "clearly meritorious and truly case dispositive," *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997), this Court has previously addressed the merits of this motion in detail in its Recommendation on Defendants' Motion to Dismiss. Doc. #11. This Court has thus concluded that Defendants' Motion is both meritorious and case dispositive. In this case, in which a Recommendation for dismissal is currently pending, a stay of discovery is most appropriate.

In addition, Plaintiff will not be unduly prejudiced by this stay, particularly since he has stipulated to the motion in which the parties "agree that the most efficient and cost-effective approach is not to commence discovery at this stage of the case." Motion, ¶ 4. Thus, a stay of discovery in this matter is proper.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Stipulated Motion to Waive Scheduling Order and Convert Scheduling Conference to Status Conference [filed March 5, 2008; doc. #13] is **granted**. All discovery is hereby stayed in this case pending the District Court's ruling on the Recommendation on Defendants' Motion to Dismiss for Lack of Jurisdiction. The Scheduling Conference currently scheduled for March 24, 2008 at 9:45 a.m. is hereby converted to a Status Conference at which the parties may appear in person or by telephone by calling (303) 844-4507.

Dated at Denver, Colorado, this 6th day of March, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge